AUTHEN EVANS AND B. BOYLE v. HENRY L. HOGGATT.

### No. 354. (59 Pac. 381.)

NEGLIGENCE—*Evidence Sufficient.* We have carefully examined the evidence and find that it was sufficient to sustain the verdict and judgment.

Error from Montgomery district court; A. H. SKIDMORE, judge. Opinion filed December 22, 1899. Affirmed.

*J. D. McCue,* for plaintiffs in error.

*O. P. Ergenbright,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced by the defendant in error in the district court of Montgomery county to recover from the plaintiffs in error the damages he sustained in being burned with gasoline escaping from an exploding fire-pot which was being operated by Boyle, an employee of Evans. The facts show that Boyle was putting a tin roof upon a portion of a house, and that the defendant in error and others were putting a shingle roof upon other portions of the same house. Hoggatt was about six or eight feet from the fire-pot, and about in line with

the tank holding the gasoline, and the wind was blowing toward him from the fire-pot. Boyle was using a "Gem" gasoline fire-pot to heat his soldering irons, and the wind blowing the blaze away from the irons, he put up two wide shingles as a windbreak to protect the blaze. These shingles ignited and Boyle threw them to the ground and set up two pieces of tin joined together as a shield to the blaze. These pieces of tin became so heated that they turned dark blue or green, and finally the tank holding the gasoline exploded and the gasoline was forced and blown upon the defendant in error, severely burning him about the face and hands.

The jury returned a verdict against the plaintiffs in error in the sum of $238.50, and judgment was rendered for that amount; which judgment plaintiffs in error ask to have reversed.

The only contention of the plaintiffs in error is that the verdict is not sustained by sufficient evidence and is contrary to law. There was considerable evidence tending to show that Boyle, in placing tin around the fire-pot, adopted the usual and ordinary way of protecting the flame in a gasoline fire-pot from the effect of the wind. The evidence shows that Boyle knew the explosive character of gasoline when heat is applied to it. We think the jury were justified in finding that Boyle was negligent in placing new tin in the place where shingles had been ignited, and so close that it was heated until it changed color, and so close to the can containing the gasoline that the heat would be reflected to it.

A careful examination of the evidence shows, also, that the jury were justified in finding that Boyle was reckless and careless in his management of the fire-pot. His own testimony shows that after being

warned by the other persons upon the roof he went to the pot to change irons; and was in fact attempting to change irons when the can exploded.

We think there was sufficient evidence to sustain the verdict, and the judgment of the district court is affirmed.